UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ARCHIE CRANFORD, | CASE NO. 1:14-cv-00055-MJS |
|---|---|
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NOS. 1, 8, and 9) |
| CHRISTINA CRAWFORD, | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendant. | |

## SCREENING ORDER

### I. PROCEDURAL HISTORY

Plaintiff Archie Cranford, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 15, 2014. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 4). His complaint is now before the Court for screening.

### II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  SUMMARY OF COMPLAINT[1]

Plaintiff names Christina Crawford, Nurse, Coalinga State Hospital as the sole Defendant and alleges the following:

On November 13, 2013, Plaintiff injured his groin area and could not walk unassisted. Plaintiff explained his injury to Defendant Crawford at sick call the following day. Defendant Crawford instructed Plaintiff to take Tylenol and Motrin and said she would check back later.

Defendant Crawford did not follow up with Plaintiff and he was forced to endure further pain as a result. Plaintiff's designation as a sexually violent predator caused Defendant Crawford to ignore Plaintiff's medical need. (Compl. at 3, 4.)

### IV.  ANALYSIS

#### A.  Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the

---

[1] Since initiating this action Plaintiff has filed several motions expressing his concern that the complaint lodged with the Court is not a complete copy of his intended pleading. (ECF Nos. 8-9.) The following sections of this order will summarize the operative complaint on file for this action and the Court's analysis of Plaintiff's claim. The Court will grant leave to amend and provide Plaintiff with applicable legal standards and a copy of the operative complaint.

color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.   Inadequate Medical Care**

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate

indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

Plaintiff alleges that Defendant Crawford failed to follow up with Plaintiff regarding his groin injury. The pain medication Defendant Crawford instructed Plaintiff to take was not effective, and Plaintiff unnecessarily endured pain as a result.

Plaintiff has a liberty interest in safe conditions of confinement protected substantively by the Due Process Clause. Youngberg, 457 U.S. at 315. Due process requires that he receive care that is professionally acceptable. Id. at 321. However, Plaintiff has not alleged enough facts to support the conclusion that Defendant Crawford's behavior was professionally unacceptable. Taking Plaintiff's allegations as true, Defendant Crawford initially provided treatment and then later failed to check in with Plaintiff as she said she would. Nothing in the Complaint indicates that the Defendant acted with conscious indifference.

Speculative, conclusory allegations aside, the Complaint does not demonstrate that Defendant Crawford exhibited a conscious indifference amounting to gross negligence. See Ammons, 648 F.3d at 1029. The mere possibility that Defendant Crawford ignored Plaintiff because of his sex offender status is not sufficient to state a claim. Iqbal, 129 S.Ct. at 1949-50.

Accordingly, Plaintiff fails to state a claim under the Due Process Clause for inadequate medical treatment. He will be permitted to amend. To state a claim Plaintiff must provide factual allegations to support the conclusion that the Defendant acted with conscious indifference.

**V.    CONCLUSION**

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed January 15, 2014;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which

relief may be granted;

     3.    Plaintiff shall file an amended complaint within thirty (30) days; and

     4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   February 26, 2014       /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE