UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>            Plaintiff,<br><br>      v.<br><br>CHRISTINA CRAWFORD,<br><br>            Defendant. | Case No.  1:14-cv-00055-AWI-MJS (PC)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>**(ECF No. 20)** |

## I.      PROCEDURAL HISTORY

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 10 & 12.) The matter proceeds against Defendant Crawford on Plaintiff's Fourteenth Amendment claim. (ECF No. 14.)

On June 16, 2014, the Court issued an order directing service upon Defendant by the U.S. Marshals Service. (ECF No. 16.) On July 29, 2014, the Court received an executed waiver of service of summons from Defendant. (ECF No. 18.) The request for waiver was sent on June 26, 2014. (Id.) Defendant filed her answer to Plaintiff's complaint on July 31, 2014. (ECF No. 19.)

Before the Court is Plaintiff's motion for default judgment. (ECF No. 20.)

## II.     LEGAL STANDARD

In general, "[a] summons must be served with a copy of the complaint." Fed. R.

Civ. P. 4(c)(1). However, many defendants have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Id. Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a defendant that has timely waived service under Rule 4(d) must respond "within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States."

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court.

**III.   ANALYSIS**

Plaintiff is not entitled to entry of default because Defendant timely filed an answer to the complaint. (ECF No.19.) Pursuant to Rule 12, Defendant had sixty days after the request for waiver was sent to file her responsive pleading. The request for waiver was sent on June 26, 2014 (ECF No. 18), and Defendant's answer was due on August 25, 2014. Defendant filed her answer on July 31, 2014. (ECF No. 19.) The answer was timely.

**IV.   ORDER**

Accordingly, Plaintiff's motion for default judgment (ECF No. 20) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   December 8, 2014         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

2