UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINA CRAWFORD,<br><br>    Defendant. | Case No. 1:14-cv-00055-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 31)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 10 & 12.) The matter proceeds against Defendant Nurse Crawford on Plaintiff's Fourteenth Amendment medical indifference claim. (ECF No. 14.)

On June 4, 2015, Defendant filed a motion for summary judgment on statute of limitations grounds. (ECF No. 31.) Plaintiff opposed the motion on June 18, 2015. (ECF No. 33.)  Defendant filed a reply on July 2, 2015. (ECF No. 34.)

I. **LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984, and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th

Cir. 2011).  However, "conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." Angle v. Miller, 673 F.3d 1122, 1134 n.6 (9th Cir. 2012) (citing Soremekun, 509 F.3d at 984).

## II.    FACTUAL SUMMARY

The Court finds the following facts to be undisputed:

Plaintiff is a civil detainee at Coalinga State Hospital and complains of allegedly inadequate medical care received after being assaulted by a fellow patient. (ECF No. 14, at 2.)

Plaintiff's original complaint and the certificate of service accompanying it were dated May 10, 2013. (ECF No. 1, at 5, 7.)  The complaint was received and filed on January 15, 2014. (ECF No. 1.)  It alleged that the events giving rise to his medical indifference claim occurred in November 2013, a date subsequent to the date the complaint was signed and served.  (ECF No. 1, at 3.)

Plaintiff's First Amended Complaint, filed March 7, 2014, alleged that the events giving rise to his medical indifference claim took place in October 2013.  (ECF No. 12, at 3.)

Both Plaintiff's complaints allege that he exhausted his administrative remedies at all levels. (ECF No. 1, at 2; ECF No. 12, at 3.)

Dr. Hamrick is a primary care physician and the Chief of Staff at Coalinga State Hospital. (ECF No. 31-2, at 1.)   On May 4, 2015, Dr. Hamrick reviewed Plaintiff's medical records for all of 2013 and did not find any references to an assault during that year or to injuries from an assault that year. (ECF No. 31-2, at 2.)    When Dr. Hamrick

so informed Plaintiff, Plaintiff advised Dr. Hamrick that he had been assaulted and injured in 2011. (ECF No. 31-2, at 2.)

### III. PARTIES' ARGUMENTS

Plaintiff's complaints allege the injuries underlying his claim occurred in 2013. Defendant maintains that Plaintiff's injuries did not take place in 2013, but instead in 2011. Defendant then argues that because the statute of limitations for § 1983 claims is two years and Plaintiff did not file suit until 2014, more than two years after 2011, his claims are time-barred.

Plaintiff's opposition is effectively non-responsive. Although he reiterates that he was assaulted, he does not clarify when he was assaulted, when he requested medical care, or when Defendant denied his requests. (ECF No. 33, at 1-2.)

Defendant's reply asserts that since Plaintiff offered no evidence to contradict Defendant's evidence that Plaintiff's claim arose in 2011, the latter fact must be deemed undisputed and established, leaving Plaintiff's claims time-barred. (ECF No. 34-1.)

### IV. DISCUSSION

**A. Statute of Limitations for Section 1983 Claims**

No statute of limitations is set forth in 42 U.S.C § 1983. Therefore, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's laws regarding tolling, including equitable tolling, except to the extent the state laws are inconsistent with federal law. Hardin v. Straub, 490 U.S. 536, 537-539 (1989); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). California's statute of limitations for personal injury actions is two years. CAL. CODE CIV. PROC. § 335.1; Butler v. Nat'l

Renaissance of Cal., 766 F.3d 1191, 1198 (9th Cir. 2014). Under federal law, a medical indifference claim like Plaintiff's accrues when plaintiff knows or has reason to know of defendants' deliberate indifference to his medical needs. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999); TwoRivers v. Lewis, 174 F.3d 987, 991-992 (9th Cir. 1999).

### B. Statutory/Equitable Tolling During Incarceration

California Code of Civil Procedure § 352.1(a) tolls the running of California's statute of limitations for a maximum of two years if the would-be plaintiff is imprisoned on a criminal charge or serving a criminal sentence for a term less than life. The inmate is only entitled to tolling while the "disability of imprisonment" is ongoing. CAL. CODE CIV. PROC. § 352.1. Although the wording of § 352.1(a) applies only to prisoners, a "continuously confined civil detainee who has pursued his claim in good faith" is entitled to equivalent tolling under the doctrine of equitable tolling. Jones, 393 F.3d at 930; Grant v. Schwarzenegger, No. 2:07-CV-2700, 2011 WL 2621166, at *3 (E.D. Cal. June 29, 2011) *findings and recommendations adopted as modified sub nom.*, Grant v. Brown, No. 2:07-CV-2700, 2011 WL 4590786 (E.D. Cal. Sept. 30, 2011).

In light of the recognition, implicit in § 352.1, that prisoners have a "more limited ability to investigate their claims, to contact lawyers and to avail themselves of the judicial process," the Jones Court concluded that refusing to toll the statute of limitations for civil detainees, who suffer analogous limitations in bringing suit, would be unjust. 393 F.3d at 928. The Court reasoned that "actual, uninterrupted incarceration is the touchstone" for applying California's tolling provisions for the disability of imprisonment, Id. (citing Elliot v. Union City, 25 F.3d 800, 803 (9th Cir. 1994)), and that because civil commitment entails a loss of personal freedom "scarcely less total" than incarceration, the rationale for tolling "applie[d] with equal force" to detainees. Jones, 393 F.3d at 928.

5

### C. Analysis

The Court concludes that the record in this case, as it currently exists, does not lend itself to resolution of the statute of limitations issue. There is much that creates confusion on the issue and much that creates doubt about the dates and events in the case.

The successive complaints reveal unresolvable inconsistencies in dates – Plaintiff could not have complained in a document dated May 2013 about an event which occurred in November 2013, but that is what the filings state he is doing. It is difficult to imagine that it took from May 2013 to January 2014 for Plaintiff's complaint to work its way to the Court for filing, but that is what the papers themselves say. Both the original and the first amended complaint are verified and reflect Plaintiff's assertion that he sought medical care immediately after being injured in 2013.[1] However, Defendant says Plaintiff advised one physician that the assault for which he sought treatment occurred in 2011. Even if true, that statement does not reflect when Plaintiff sought treatment for that assault. Defendants note the absence of any medical record reflecting treatment for injuries sustained in an assault in 2013, but say nothing about whether there are records of such treatment in 2011 or 2012.

It would be an understatement to say that Plaintiff's pleadings reflect an unsophisticated approach to the legal process and confusion about dates; this is exemplified by the inconsistencies referenced above and Plaintiff's apologies for filing his opposition late when it was actually timely filed. (ECF No. 33, at 1.) Moreover, if Plaintiff has been detained throughout the period from 2011 to 2014 (and the record is

---

[1] McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987)(a verified complaint may be considered in opposition to summary judgment where it is based on personal knowledge and sets forth specific facts admissible in evidence).

bare in that regard), he could potentially be entitled to equitable tolling under Jones. In that circumstance, even if the event giving rise to the claim did occur in 2011, Plaintiff's 2014 complaint would be timely.

Given this confusion, it would be manifestly inequitable to try to resolve these questions without further evidence. Accordingly, the Court is compelled to conclude that the date on which Plaintiff's claim accrued, the date on which he initiated and exhausted administrative remedies, and the date on which the statute of limitations expired remain in dispute. As such, summary judgment will be denied without prejudice.

## V.  CONCLUSION & RECOMMENDATION

The Court finds that Defendant has not met her burden of showing an absence of disputed fact regarding untimeliness of Plaintiff's claims. Accordingly, the Court HEREBY RECOMMENDS that Defendant's motion for summary judgment (ECF No. 31) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of

rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: August 5, 2015         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE