UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINA CRAWFORD,<br><br>    Defendant. | CASE NO. 1:14-cv-00055-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE JURY DEMAND**<br><br>**(ECF Nos. 43 & 47)**<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO THIRD SCHEDULING ORDER**<br><br>**(ECF No. 61)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A CAUSE OF ACTION WITHOUT PREJUDICE**<br><br>**(ECF No. 48)**<br><br>**ORDER DIRECTING THE CLERK OF COURT TO RESEND PLAINTIFF A COPY OF DISCOVERY AND SCHEDULING ORDER (ECF No. 21)** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's First Amended Complaint against Defendant Christina Crawford for inadequate medical care

in violation of Plaintiff's substantive Due Process rights.  Before the Court are several motions filed by Plaintiff.

## I. MOTIONS TO STRIKE JURY DEMAND

On March 21, 2016 and April 11, 2016, Plaintiff filed motions objecting to the Court's scheduling of a jury trial in this suit and requesting the Court order a bench trial instead.  (ECF Nos. 43 & 47.)  The Court construes both of these filings as requests to strike Defendant's demand for a jury trial,

Defendant is entitled to a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38; City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 709 (1999) (holding a Section 1983 suit seeking legal relief is an action of law within the meaning of the Seventh Amendment and is therefore guaranteed the right to a trial by jury). Defendant made her demand for a jury trial on July 31, 2014.  (ECF No. 19.)  She has not consented to a bench trial.

Thus both of Plaintiff's motions will be denied.

## II. OBJECTION TO THIRD SCHEDULING ORDER

On May 9, 2016, the Court issued a third scheduling order setting a telephonic trial confirmation conference for September 20, 2016 and a jury trial for November 29, 2016.  On May 18, 2016, Plaintiff filed a motion objecting to the Court's third scheduling order on that ground that Plaintiff had still not received responses to discovery he had propounded on Defendant.  (ECF No. 61.)

Plaintiff filed a motion to compel responses to discovery requests on April 14, 2016. (ECF No. 50.)  On May 17, 2016, the Court issued an order denying Plaintiff's motion on the grounds that the deadline for discovery had long since passed and Plaintiff had failed to show why he should be permitted to compel responses to discovery requests filed at such a late juncture.  (ECF No. 60.)

The issue of discovery has been resolved.  Plaintiff's objection to the third scheduling order will therefore be overruled.

### III. MOTION FOR CAUSE OF ACTION

On April 4, 2016, Plaintiff filed a motion entitled "First Cause of Action Premises Liability Attachment to Complaint." (ECF No. 48.) This motion can be construed as an attempt to amend the complaint and, as such, it will be denied.

The deadline for amending pleadings passed on February 5, 2015. (ECF No. 21.) Under Rule 15, a party may amend his pleadings as a matter of course within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1)(A). All other amendments must be made with the consent of the opposing party or with the permission of the Court. Fed. R. Civ. P. 15(a)(2). Plaintiff may move to amend by filing a motion demonstrating that amendment is proper under Federal Rule of Civil Procedure 15 and lodging a copy of his proposed amended complaint with the Court. See Local Rule 137(c); cf. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). The motion presently before the Court meets neither of these requirements. Furthermore, an amended pleading must be complete in itself without reference to a prior or superseded pleading. Local Rule 220; Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). Plaintiff may not simply add a cause of action to his complaint by filing it in a separate pleading.

Plaintiff did not request leave from the Court to amend his pleadings. He has not shown that he has received Defendant's consent to amend. Finally, Plaintiff's "attachment" to his complaint is not a pleading complete in and of itself and so would not constitute an amended pleading even if otherwise properly before the Court.. Plaintiff's motion will therefore be denied.

### IV. REQUEST TO RESEND DISCOVERY AND SCHEDULING ORDER

On April 4, 2016 and April 14, 2016, Plaintiff filed motions claiming he had not received ECF No. 21, the Court's August 5, 2014 Discovery and Scheduling Order. (ECF Nos. 49 & 51.) The Clerk of Court will therefore be directed to resend ECF No. 21, Discovery and Scheduling Order, to Plaintiff.

Plaintiff states he received a document from Defendant indicating she would file a motion to compel discovery if Plaintiff did not produce certain documents. (ECF No. 51.) Defendant has not filed a motion to compel, therefore the Court will not consider Plaintiff's concerns about producing documents.

Plaintiff further states that he had no knowledge of the deadline to complete discovery at the time he filed his additional discovery requests because he never received the Court's Discovery and Scheduling Order. Regardless, Plaintiff still has not shown why he now requires additional discovery from Defendant. As stated above, the discovery issues have been resolved and the Court will consider no further requests by Plaintiff to compel discovery from Defendant absent a showing of good cause.

## V. **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED

1. Plaintiff's motions to strike Defendant's jury demand (ECF Nos. 43 & 47) are DENIED;
2. Plaintiff's objection to the Third Scheduling Order (ECF No. 61) is OVERRULED;
3. Plaintiff's Motion for a Cause of Action (ECF No. 48) is DENIED without prejudice; and
4. The Clerk of Court is directed to send Plaintiff a copy of the Court's August 5, 2014 Discovery and Scheduling Order, filed as ECF No. 21.

IT IS SO ORDERED.

Dated:   June 2, 2016               /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE