UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>CHRISTINA CRAWFORD,<br><br>  Defendant. | Case No. 1:14-cv-00055-AWI-MJS (PC)<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>**(ECF No. 62-7)**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) GRANT DEFENDANT'S MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT;**<br>**(2) DECLARE PLAINTIFF A VEXATIOUS LITIGANT;**<br>**(3) GRANT DEFENDANT'S MOTION FOR THE ISSUANCE OF A PRE-FILING ORDER;**<br>**(4) ISSUE A PRE-FILING ORDER; AND**<br>**(5) DENY DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST SECURITY BEFORE PROCEEDING**<br><br>**(ECF No. 62)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff Archie Cranford, a civil detainee proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 15, 2014. The action proceeds on Plaintiff's first amended complaint ("FAC") against Defendant

Christina Crawford on Plaintiff's Fourteenth Amendment medical indifference claim. (ECF No. 12.)

## I.     Procedural History

On May 27, 2016, Defendant filed a motion for an order: (1) declaring Plaintiff a vexatious litigant; (2) requiring Plaintiff to seek leave of the Court before filing any new actions; and (3) requiring Plaintiff to post security in an amount of no less than $42,712.50 before the instant case be allowed to proceed to trial. (ECF No. 62.)

Plaintiff filed a response on August 17, 2016. (ECF No. 74.) Defendant filed a reply on August 23, 2016. (ECF No. 75.) The matter is submitted. Local Rule 230(*l*).

## II.    Plaintiff's Allegations

Plaintiff's allegations stem from events that took place while he was housed at Coalinga State Hospital in Coalinga, California. Plaintiff alleges that in October or November of 2013, he suffered a serious injury to his groin. At least one of his testicles was driven up into his pelvis and it remains there. Plaintiff explained to Defendant the nature of his injury and asked to see a doctor. Defendant told Plaintiff to take pain medication, and advised him she would follow up with him later. She never followed up.

## III.   Legal Standard

The All Writs Act, 28 U.S.C. § 1651, gives the Court the inherent power to enter pre-filing orders against vexatious litigants. De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). However, such pre-filing orders are an extreme remedy and should rarely be used since such sanctions can tread on a litigant's due process right of access to the courts. Molski, 500 F.3d at 1057. In determining the basis upon which the Court may require a litigant to post security, this Court has adopted "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants. . . ." Local Rule 151(b). Under the law of the State of California, "a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security." Cal. Civ. Proc. Code § 391.1 (West 2014).

2

Under California law, a vexatious litigant is one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained *in propria persona* at least five litigations other than in small claims court that have been . . . finally determined adversely to the person . . . " or "[i]n any litigation while acting *in propria persona*, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Cal. Civ. Proc. Code §§ 391(b)(1) and (3) (West 2014). Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower. While Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent.

Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness. See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. Molski, 500 F.3d at 1061; De Long, 912 F.2d at 1147-48 (before a district court issues a pre-filing injunction against a pro se litigant, it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions). The Ninth Circuit has defined vexatious litigation as "without reasonable or probable cause or excuse, harassing, or annoying." Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012). For these reasons, the mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness.

Prior to entering a pre-filing order against a litigant, (1) the litigant must be given notice and an opportunity to be heard, (2) the Court must compile an adequate record, (3) the Court must make substantive findings about the frivolous or harassing nature of Plaintiff's litigation, and (4) the pre-filing order must be narrowly tailored to closely fit the

specific vice encountered. Molski, 500 F.3d at 1057 (citing De Long, 912 F.2d at 1147-48) (quotation marks omitted). The Ninth Circuit has explained that while the first two De Long requirements are procedural, the latter two are substantive, and a "separate set of considerations" may provide a "helpful framework" in "applying the two substantive factors." Ringgold–Lockhart v. County of Los Angeles, 761 F.3d 1057 (9th Cir. 2014) (quoting Molski, 500 F.3d at 1058). These substantive considerations are: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.,* does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Id. at 1062 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986)).

Under De Long, before this Court may deem Plaintiff a vexatious litigant, it must make "substantive findings as to the frivolous or harassing nature of the litigant's actions" and to make this finding, the Court must look at both the number and content of Plaintiff's past filings. 500 F.3d at 1059 (quoting De Long, 912 F.2d at 1148) (internal quotations omitted).

**IV. Discussion**

Plaintiff's opposition to Defendant's motion is brief. He merely states that the instant case has become complicated and cumbersome and asks to be allowed to voluntarily dismiss it. (ECF No. 74.) He does not address Defendant's request to have Plaintiff declared a vexatious litigant other than to say he is "not compleatley (sic) vexatious." Id. He does not oppose Defendant's request for a pre-filing order or a requirement that Plaintiff post security before proceeding.

**A.   Defendant's Arguments**

Defendant argues that Plaintiff meets the state statutory definition of a vexatious litigant under California Civil Procedure Code §§ 391(b)(1) and (3). (ECF No. 62-1 at 10

4

& 16.) ("[B]ecause Plaintiff has met the statutory requirements for vexatiousness under California Code of Civil Procedure § 391, the Court should declare him a vexatious litigant.")  Defendants point out that Plaintiff has filed at least twenty unsuccessful lawsuits and appeals in the past seven years and has "repeatedly filed unmeritorious motions and pleadings." (Id. at 11.)  Defendant then requests the Court take judicial notice of twenty cases and appeals filed by Plaintiff between 2007 and 2015 within the Eastern District or the Ninth Circuit.  Defendant argues that Plaintiff is not likely to succeed on the merits of his lawsuit, but as likelihood of success is relevant only to whether Plaintiff will be required to post security before he may proceed, and as Plaintiff has already stated that he wishes to dismiss this case, we need not consider whether Plaintiff has any chance of success.  Cal. Civ. Proc. Code § 391.1.

As stated, the state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court.  Defendant argues that Plaintiff has met the definition of vexatiousness "even under the federal definition" as the "sheer quantity of [Plaintiff's] filings in this Court, coupled with his broad pattern of frivolous and harassing litigation[,] establishes he is vexatious." (ECF No. 62-1 at 23.)  Defendant notes that it is apparent that Plaintiff "pursues litigation without an objective good faith expectation of prevailing." (Id. at 23-24.) Defendant also argues that Plaintiff has filed cases since the 1990s that have "no merit whatsoever" and has "repeatedly failed to abide by court orders." Id.

**B.    Request for Judicial Notice of Plaintiff's Prior Unsuccessful Cases**

Defendant requests the Court take judicial notice of the filings and dispositions in twenty lawsuits filed by Plaintiff in this Court and the Ninth Circuit since 2007. (Requests for Judicial Notice ("RJN") Exs. A-T (ECF No. 62-7 at 2-5).)  Defendant also asks the Court to take judicial notice of the fact that Plaintiff has filed at least forty-six cases in this Court since 2007. (RJN Ex. U (ECF No. 63-2 at 96-98).)[1] Plaintiff has not opposed this request.

---

[1] Review of the record of forty-six of Plaintiff's filings in the Eastern District of California reveals that, in addition to the eighteen cases specifically addressed in the Appendix to this Order, at least twenty more were dismissed at the screening stage for failure to state a claim, failure to obey a court order, or both. Of

Under Federal Rule of Evidence 201, a Court may take judicial notice of a "fact that (1) is not subject to reasonable dispute because it generally is known within a trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "The court may take judicial notice of its own records in other cases, as well as records of an inferior court in other cases." United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). Defendant's records are appropriate for judicial notice. Therefore, Defendant's requests for judicial notice will be granted; the Court will take judicial notice of the filings and dispositions of the twenty lawsuits referenced in Defendant's Request for Judicial Notice. (ECF Nos. 63-1 & 63-2 (Exs. A-T) at 1-109, 1-94.) The Court will also take judicial notice of the fact that Plaintiff has initiated at least forty-six lawsuits in this Court since 2007. (RJN Ex. U (ECF No. 63-2 at 96-98).)

Rather than reproduce this extensive case history within the body of this Order, the Court has compiled a summary of salient facts from each of the twenty cases examined by Defendant in her RJN Exs. A-T. The Court's summary is attached as an Appendix ("App.") and will be so referred-to in the following discussion.

**VI. Discussion**

**A. Declaring Plaintiff a Vexatious Litigant**

As noted, in declaring a party a vexatious litigant, the focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. See De Long, 912 F.2d at 1147-48. Even under California case law:

> Any determination that a litigant is vexatious must comport with the intent and spirit of the vexatious litigant statute[, t]he purpose of which is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts.

Morton v. Wagner, 156 Cal.App.4th 963, 970-71 (Cal. App. 6 Dist. 2007).

---

the forty-two of Plaintiff's cases which have become final, all were determined adversely to Plaintiff. Four cases, including the instant case, are still pending.

6

1 | The Court has examined the twenty judicially noticed cases outlined in the App. While the number of unsuccessful cases Plaintiff has filed is telling, litigiousness alone would not determine him to be a vexatious litigant. Molski, 500 F.3d at 1061; De Long, 912 F.2d at 1147-48. However, the nature, similar factual allegations, and procedural history of these cases reflect not only their lack of merit but also their vexatious quality.

All of these twenty cases have been filed against employees of Coalinga State Hospital, where Plaintiff has been civilly detained since at least 2007. The twenty cases include two that were appealed to the Ninth Circuit; both of those were dismissed after the Ninth Circuit deemed the appeals to be frivolous, denied Plaintiff leave to proceed *in forma pauperis*, and Plaintiff failed to pay the filing fees. At least thirteen of these cases alleged a failure to provide adequate medical treatment (App. ¶¶ 1, 2, 5, 6, 7, 8, 11, 12, 13, 15, 17, 18, & 19). At least six of those stemmed from a failure to treat Plaintiff's "chest pains." (App. ¶¶ 2, 8, 11, 13, 18, &19)  At least four alleged a failure to protect Plaintiff from an assault. (App. ¶¶ 7, 10, 13, & 15.)  At least seven attributed Defendants' conduct to alleged discrimination against Plaintiff on the basis of his race, gender, or status as a sexually violent predator. (App. ¶¶ 3, 4, 8, 10, 11, & 17) Plaintiff also has filed at least nine additional cases in this Court alleging a failure to provide medical care to Plaintiff and/or accusing defendant employees of Coalinga State Hospital of discriminating against him on the basis of race or his status as a sexually violent predator. (See App. ¶ 11.)

As to dispositions, one of these twenty cases proceeded to a jury trial with a verdict in favor of defendants (App. ¶ 4), and one was dismissed after the Court granted defendants' summary judgment motion. (App. ¶ 11.) The two appeals to the Ninth Circuit were dismissed after the Ninth Circuit denied Plaintiff's applications to proceed *in forma pauperis* (because the appeals were frivolous) and Plaintiff subsequently failed to pay the filing fee. (App. ¶ 14 & 16.) The remaining sixteen cases were dismissed at the screening stage for failure to state a claim and/or failure to obey a court order. Plaintiff was given multiple opportunities to amend in each of these sixteen cases, but often

7

failed to file an amended complaint, failed to sign his complaint, or failed to respond to orders to show cause why his case should not be dismissed.

As noted, these twenty cases appear to be merely a representative sampling. Plaintiff has initiated at least forty-six cases in this Court in the past ten years. All that have become final have ended unfavorably for Plaintiff.

These factors, taken together, show that Plaintiff has a practice of filing frivolous suits having no chance of success. He files the same types of lawsuits against the same class of Defendants. Many of the suits involve virtually identical facts which one would not expect to be repeated in the same way with the same inmate and his custodians. See Molski, 500 F.3d at 1059 ("[I]t is very unlikely that [Plaintiff] suffered the same injuries, often multiple times in one day, performing the same activities.") It is improbable that Plaintiff has had the bad luck of, for example, twice experiencing chest pains in the middle of the night while Defendants slept so soundly at their stations that Plaintiff could not rouse them. (App. ¶¶ 2 & 19.) Likewise, it is extremely unlikely that so many employees of Coalinga State Hospital held such racial animus toward Plaintiff that they regularly denied him medical treatment and exposed him to harm at the hands of other patients solely because he is white. (App. ¶¶ 3, 4, 8, 10, 11, & 17.)

It is equally concerning that Plaintiff has brought so many cases alleging the same causes of action only to have them dismissed at the screening stage for failure to state a claim, and this despite Plaintiff having been afforded numerous opportunities to amend each complaint and repeatedly advised of the requirements for pleading each cause of action. See Endsley v. California, No. CV 14-3091, 2014 WL 5335857 (C.D. Cal. Oct. 16, 2014) (*aff'd in part*, Endsley v. California, 627 Fed App'x 644 (9th Cir. 2015)) (civil detainee declared a vexatious litigant after bringing numerous cases alleging the same constitutional "violations;" the court found Plaintiff could not have had an "*objective* good faith expectation of prevailing" on claims he had already been told were not cognizable) (emphasis in original). Here, Plaintiff has been told, multiple times, of the minimum requirements for pleading a cognizable claim, yet he continues to file

suits that he should know have no chance of success. Endsley, 2014 WL 5335857 at *6.

Finally, Plaintiff's filings have been misleading and unreliable. In at least two cases, he underreported the number of prior cases he had filed and was admonished for Rule 11(b)(3) violations. (App. ¶¶ 3 & 20.) On at least one occasion, Plaintiff himself conceded in his papers that he did not have a claim against the Defendants. (App. ¶ 1.) In at least three cases, Plaintiff has added, subtracted, and modified factual allegations over the course of a single lawsuit for no discernible reason. (App. ¶¶ 10, 13 & 15.) Indeed, in the instant case, he has changed the dates of relevant events at least three times, claiming his groin injury occurred, alternatively, in November 2013, October 2013, and sometime in 2011. (ECF No. 62-1 at 17-20.).

Plaintiff has asked to voluntarily dismiss the instant case after more than two years of litigation. This request came in direct response to Defendant's motion for an order declaring Plaintiff a vexatious litigant and requiring Plaintiff to post security prior to proceeding. One could reasonably read this as a concession that the instant case is meritless. Plaintiff's balking at the prospect of a restrictive pre-filing order could reasonably be read as reflecting an intent to continue filing such cases.

The Court does not ignore that this meritless litigious history and the rambling sentences and difficult-to-decipher allegations in Plaintiff's pleadings, combined with his civil detainee status, suggest Plaintiff may suffer from mental impairment or illness rather than from an intent to be harassing or malicious. Regardless, Plaintiff has demonstrated that no useful purpose would be served by allowing him to continue filing such lawsuits. His filings are frivolous and thus of no benefit to him and serve only to force the Courts and named defendants to expend an enormous amount of time, energy, and resources in responding.

Based on the foregoing, the Court will recommend granting Defendant's motion to declare Plaintiff a vexatious litigant.

### B. Posting of Security

Defendant has asked the Court to require Plaintiff to post security in the amount of $47,712.50 before he may proceed in this lawsuit.

Under Local Rule 151(b), this Court has adopted "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants. . . as a procedural rule of this Court on basis of which the Court may order the giving of a security, bond, or undertaking." Local Rule 151(b). Section 391.1 of Title 3A, part 2, provides that "a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security" on the ground that the plaintiff is a vexatious litigant and there is no reasonable likelihood that the plaintiff will prevail in the litigation. Cal. Civ. Proc. Code § 391.1.

Plaintiff has stated he wishes to dismiss the instant case. At this juncture, therefore, there is no need for Plaintiff to post security prior to proceeding. The Court will recommend denying Defendant's motion to require Plaintiff to post security.[2]

### C. Issuance of a Pre-Filing Order

The Court may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." De Long, 912 F.2d at 1147. Pre-filing orders should only be issued where the Court has complied with certain procedural and substantive requirements: (1) the litigant must be given notice and an opportunity to be heard, (2) the Court must compile an adequate record, (3) the Court must make substantive findings about the frivolous or harassing nature of Plaintiff's litigation, and (4) the pre-filing order must be narrowly tailored to closely fit the specific vice encountered. Molski, 500 F.3d at 1057 (citing De Long, 912 F.2d at 1147-48) (quotation marks omitted).

#### 1. Notice and Opportunity to be Heard

Defendant's motion, filed and served on Plaintiff on May 27, 2016 (ECF No. 62-9), combined with the Court's order directing Plaintiff to respond to Defendant's motion

---

[2] For these same reasons, the Court will not decide whether Plaintiff has a likelihood of success on the merits of the instant case.

10

(ECF No. 70), constitutes sufficient notice. See Molski, 500 F.3d at 1058 ("[Plaintiff] had fair notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him because the district court's order was prompted by a motion filed by the defendants and served on [Plaintiff]")

### 2. Record for Review

Defendant has identified and the Court has summarized in the Appendix to this Order the twenty cases it considered vexatious. The Court has also taken judicial notice of the fact Plaintiff has filed at least forty-six cases in this Court since 2007. The Court therefore believes it has compiled an adequate record of Plaintiff's prior filings. De Long, 912 F.2d at 1147. ("An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.)

### 3. Substantive Findings

For the reasons set forth above, the Court finds Plaintiff meets the standard for vexatiousness.

### 4. Narrowly Tailored Order

Plaintiff has an established practice of filing facially frivolous suits *in forma pauperis* within this Court. Plaintiff has been repeatedly advised of the pleading standards applicable to his most common claims—medical indifference, racial discrimination, and failure to protect—yet he continues to allege the same constitutional violations in the same non-cognizable way. Plaintiff has pled a cognizable claim in only two of the twenty cases considered here. One of those two was dismissed on summary judgment; the other proceeded to trial and a defense verdict.

Plaintiff has been filing lawsuits throughout his confinement. He has initiated at least forty-six with in the last ten years. The Court finds it is necessary and appropriate to curb this flow of baseless filings.

Therefore, the Court will recommend granting Defendant's request for a pre-filing order. To the extent Plaintiff undertakes to file any further lawsuits in the Eastern District

of California, the Court recommends that his future filings, if any, be required to comply with the following requirements:

    (a) Any future filing, of any kind, by Plaintiff in the United States District Court for the Eastern District of California shall contain the following words in all capital letters at the top of the front page or in the caption of the paper filed:

"PLAINTIFF HAS BEEN DECLARED A VEXATIOUS LITIGANT. THIS FILING IS SUBJECT TO PRE-FILING REVIEW PER THIS COURT'S ORDER IN CASE NO. 1:14-cv-00055-AWI-MJS (PC)".

    If a proposed filing does not contain that heading, the Clerk of the Court shall lodge, not file, the proposed filing.

    (b) The Clerk of the Court shall lodge, not file, any all future filings from Plaintiff *challenging the conditions of his confinement, alleging discrimination or other wrongful conduct against him on the basis of race, or alleging discrimination or other wrongful conduct against him on the basis of his classification as a sexually violent predator* unless and until the filing is reviewed and determined by the Court to constitute a non-frivolous claim and Plaintiff also meets the criteria set out in subparagraph (c) of this Order.

    (c) Plaintiff shall be permitted to proceed *in forma pauperis* in an action filed in this Court *challenging the conditions of his confinement, alleging discrimination or other wrongful conduct against him on the basis of race, or alleging discrimination or other wrongful conduct against him on the basis of his classification as a sexually violent predator only* <u>if</u> the Court first determines that sworn, non-frivolous allegations in his filing show that he is under imminent danger of serious physical injury or that he is being unlawfully restrained in violation of his liberty.

    (d) The requirements of subparagraphs (b) and (c) of this Order shall be waived if Plaintiff's filing is made on Plaintiff's behalf by a licensed attorney at law in good standing who signs the filing as the attorney of record for Plaintiff.

## IV.     Conclusion

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Defendant's request for judicial notice (ECF No. 62-7) is GRANTED; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to declare Plaintiff a vexatious litigant (ECF No. 62) be GRANTED;
2. Plaintiff be DECLARED a vexatious litigant;
3. Defendant's motion for the issuance of a pre-filing order against Plaintiff be GRANTED;
4. The Court ISSUE a pre-filing order as described herein; and
5. Defendant's motion to require Plaintiff to post security prior to proceeding on this suit be DENIED without prejudice.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 30, 2016                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTINA CRAWFORD,<br><br>　　　　　Defendant. | Case No. 1:14-cv-00055-AWI-MJS (PC)<br><br>**APPENDIX TO:**<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>**(ECF No. 62-7)**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>　**(1) GRANT DEFENDANT'S MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT;**<br>　**(2) DECLARE PLAINTIFF A VEXATIOUS LITIGANT;**<br>　**(3) GRANT DEFENDANT'S MOTION FOR THE ISSUANCE OF A PRE-FILING ORDER;**<br>　**(4) ISSUE A PRE-FILING ORDER; AND**<br>　**(5) DENY DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST SECURITY BEFORE PROCEEDING**<br><br>**(ECF No. 62)** |

　　The Court has taken judicial notice of the following twenty filings and their

14

dispositions, taken from Defendant's Requests for Judicial Notice ("RJN") Exs. A-T. (ECF Nos. 63-1 & 63-2.):

1. **Cranford v. Adams, U.S. District Court, Eastern District of California, Case No. 1:14-cv-0174-GSA.** (RJN, Ex. A (ECF No. 63-1 at 1-6.))

   On February 10, 2014 Plaintiff filed suit against two defendant employees of Coalinga State Hospital alleging medical indifference. Plaintiff's complaint was dismissed for failure to state a claim.  Plaintiff was given thirty days to amend or voluntarily dismiss.  He did neither. On July 25, 2014, the case was dismissed with prejudice for failure to state a claim.

2. **Cranford v. Adams, U.S. District Court, Eastern District of California, Case No. 1:14-cv-0252-JLT.** (RJN, Ex. B (ECF No. 63-1 at 7-14.))

   On February 26, 2014, Plaintiff filed suit against a defendant employee of Coalinga State Hospital for medical indifference, alleging that he sought her assistance for severe chest pains but could not arouse her because she was sleeping at her duty station.  Plaintiff's complaint was dismissed for failure to state a claim. Plaintiff was given thirty days to amend. On June 6, 2014, his amended complaint and the action as a whole was dismissed with prejudice for failure to state a claim.

3. **Cranford v. Ahlin, U.S. District Court, Eastern District of California, Case No. 1:11-cv-01199-GBC.** (RJN, Ex. C (ECF No. 63-1 at 15-29.))

   On July 20, 2011, Plaintiff filed suit against defendant employees of Coalinga State Hospital alleging inhumane conditions of confinement and racial discrimination.  On September 7, 2012, the case was dismissed, with prejudice, for failure to state a claim and for violation of Federal Rule of Civil Procedure 11(b)(3) (by misrepresenting the number of similar suits filed).

4. **Cranford v. Baclagon[3], U.S. District Court, Eastern District of California, Case No. 1:11-cv-0736-BAM.** (RJN, Ex. D (ECF No. 63-1 at 30-49.))

   On May 9, 2011, Plaintiff filed suit against a defendant employee of Coalinga State Hospital for excessive force and racial discrimination. On January 26, 2016, after a one-day trial, the jury returned a verdict in favor of defendant. Judgment was entered January 28, 2016.

5. **Cranford v. O'Brian[4], U.S. District Court, Eastern District of California, Case No. 1:14-cv-0221-GSA.** (RJN, Ex. E (ECF No. 63-1 at 50-59.))

   On February 20, 2014, Plaintiff filed suit against a defendant employee of Coalinga State Hospital for excessive force and medical indifference. Plaintiff's complaint was stricken as it was not signed. Plaintiff's first and second amended

---

[3] This case has also been captioned "Cranford v. Badagon."
[4] This case has also been captioned "Cranford v. Brain."

complaints were dismissed, with leave to amend, for failure to state a claim. On April 29, 2015, Plaintiff's third amended complaint was dismissed, with prejudice, for failure to state a claim.

**6.     Cranford v. Dharleen, U.S. District Court, Eastern District of California, Case No. 1:14-cv-0995-BAM.** (RJN, Ex. F (ECF No. 63-1 at 60-66.))

On June 25, 2014, Plaintiff filed suit against a defendant employee of Coalinga State Hospital for medical indifference. Plaintiff's first amended complaint was dismissed. He was given thirty days leave to amend or voluntarily dismiss. He did neither. On March 2, 2015, the case was dismissed with prejudice for failure to obey a Court order and failure to state a claim.

**7.     Cranford v. Dirige, U.S. District Court, Eastern District of California, Case No. 1:14-cv-1101-BAM.** (RJN, Ex. G (ECF No. 63-1 at 67-77.))

On July 14, 2014, Plaintiff filed suit against defendant employees of Coalinga State Hospital for failing to protect him from an assault by another patient and for denial of adequate medical care. Plaintiff's complaint was dismissed, with leave, for failure to state a claim. On December 15, 2014, Plaintiff's second amended complaint and the case as a whole was dismissed for failure to state a claim.

**8.     Cranford v. Estrellado, U.S. District Court, Eastern District of California, Case No. 1:07-cv-1829-OWW-MJS (PC).** (RJN, Ex. H (ECF No. 63-1 at 78-90.))

On December 17, 2007, Plaintiff filed suit against a defendant employee of Coalinga State hospital for medical indifference (failure to treat Plaintiff's chest pains), racial discrimination, and discrimination against Plaintiff as a sexually violent predator. Plaintiff's complaint was dismissed with leave to amend. On October 1, 2010, Plaintiff's second amended complaint and the case as a whole were dismissed for failure to state a claim.

**9.     Cranford v. King, U.S. District Court, Eastern District of California, Case No. 1:14-cv-1002-MJS.** (RJN, Ex. I (ECF No. 63-1 at 91-99.))

On June 26, 2014. Plaintiff filed suit against defendant employees of Coalinga State Hospital for impeding access to the courts (wrongfully charging him for legal mail supplies and copies). Plaintiff's complaint and first amended complaint was dismissed with leave for failure to state a claim. Plaintiff did not amend or otherwise respond to the Court. On April 14, 2015, the case was dismissed for failure to obey a Court order.

**10.    Cranford v. Manion, U.S. District Court, Eastern District of California, Case No. 1:08-cv-978-MJS (PC).** (RJN, Ex. J (ECF No. 63-1 at 100-09.))

On July 11, 2008, Plaintiff filed suit against defendant employees of Coalinga State Hospital for failure to protect and discrimination on the basis of gender. Plaintiff's complaint was dismissed with leave for failure to state a claim. On April

18, 2011, Plaintiff's first amended complaint and the case as a whole were dismissed for failure to state a claim.

11. **<u>Cranford v. Nickels</u>, U.S. District Court, Eastern District of California, Case No. 1:07-cv-1812-JLT (PC).** (RJN, Ex. K (ECF No. 63-2 at 1-14.))

On December 13, 2007, Plaintiff filed suit against a defendant employee of Coalinga State Hospital alleging inadequate medical care (failure to treat Plaintiff's chest pain) and racial discrimination. On December 28, 2011, summary judgment was granted in favor of Defendant considering Plaintiff's "scant opposition" to the motion, his admission he had no claim against defendant, and his history of having filed twelve similar cases.

12. **<u>Cranford v. Palos</u>, U.S. District Court, Eastern District of California, Case No. 1:14-cv-0242-SKO.** (RJN, Ex. L (ECF No. 63-2 at 15-23.))

On February 24, 2014, Plaintiff filed suit against approximately 20 defendant employees of Coalinga State Hospital for denial of adequate medical care. On April 29, 2014, the action was dismissed due to Plaintiff's failure to sign the complaint and failure to comply with the Court's order that he do so.

13. **<u>Cranford v. Perryman</u>, U.S. District Court, Eastern District of California, Case No. 1:13-cv-0763-BAM.** (RJN, Ex. M (ECF No. 63-2 at 24-33.))

On May 22, 2013, Plaintiff filed suit against Defendant employees of Coalinga State Hospital alleging inadequate medical treatment (failure to treat Plaintiff's chest pains) and failure to protect. On October 9, 2014, Plaintiff's third amended complaint and the case as a whole were dismissed for failure to state a claim.

14. **<u>Cranford v. Perryman</u>, Ninth Circuit Court of Appeals, Case No. 14-17100.** (RJN, Ex. N (ECF No. 63-2 at 34-37.))

Plaintiff appealed case number 1:13-cv-0763 (Number 13 of this Appendix). The Ninth Circuit found the appeal frivolous and denied Plaintiff's motion to proceed *in forma pauperis*. Plaintiff failed to pay the filing fee as ordered. On February 23, 2015, the appeal was dismissed.

15. **<u>Cranford v. Prown</u>, U.S. District Court, Eastern District of California, Case No. 1:14-cv-0910-AWI-JLT** (RJN, Ex. O (ECF No. 63-2 at 38-55.))

On June 13, 2014, Plaintiff filed suit against defendant employees of Coalinga State Hospital for failure to protect and failure to provide adequate medical treatment. On July 8, 2014, the Court found Plaintiff stated a cognizable claim against Defendant Prown[5] and directed service. Defendant's motion for a more definite statement was granted, and Plaintiff was directed to file an amended complaint within thirty days. Plaintiff did not. In response to the Court's Order to

---

[5] Defendant Brown was erroneously sued as Defendant "Prown."

17

Show Cause, Plaintiff altered his allegations against Defendant from assault to failure to protect. On February 12, 2015, the case was dismissed for failure to obey a court order and failure to state a claim.

**16.    Cranford v. Prown, Ninth Circuit Court of Appeals, Case No. 15-15333.** (RJN, Ex. P (ECF No. 63-2 at 56-57.))

Plaintiff appealed the judgment of case no. 1:14-cv-0910 (Number 15 of this Appendix). The Ninth Circuit found the appeal was not taken in good faith and denied Plaintiff *in forma pauperis*.  On June 24, 2015, the appeal was dismissed for failure to pay filing fees.

**17.    Cranford v. Smith, U.S. District Court, Eastern District of California Case No. 1:13-cv-1555-GSA.** (RJN, Ex. Q (ECF No. 63-2 at 58-68.))

On September 26, 2013, Plaintiff filed suit against a defendant employee of Coalinga State Hospital for inadequate medical care and racial discrimination. Plaintiff's complaint, first amended complaint and second amended complaint were dismissed for failure to state a claim. The June 5, 2014, dismissal of the second amended complaint was with prejudice.

**18.    Cranford v. Smith, U.S. District Court, Eastern District of California, Case No. 1:13-cv-1886-LJO-BAM.** (RJN, Ex. R (ECF No. 63-2 at 69-75.))

On November 21, 2013, Plaintiff filed suit against defendant employees of Coalinga State Hospital for failure to provide adequate medical treatment for Plaintiff's chest pains. Plaintiff's failed to comply with two orders to consent or decline consent to Magistrate Judge jurisdiction and failed to respond to an Order to Show Cause why the case should not be dismissed. On December 1, 2014, the case was dismissed for failure to prosecute.

**19.    Cranford v. Tinna, U.S. District Court, Eastern District of California, Case No. 1:14-cv-0171-SAB.** (RJN, Ex. S (ECF No. 63-2 at 76-84.))

On February 7, 2014, Plaintiff filed suit against a defendant employee of Coalinga State Hospital for medical indifference, alleging that he sought assistance for severe chest pains but could not arouse Defendant who was sleeping at the duty station.  Plaintiff's complaint and first amended complaint was dismissed for failure to state a claim. The May 21, 2014, dismissal of the first amended complaint was with prejudice

**20.    Cranford v. Valley, U.S. District Court, Eastern District of California, Case No. 1:13-cv-0533-JLT.** (RJN, Ex. T (ECF No. 63-2 at 85-94.))

On April 15, 2013, Plaintiff filed suit against defendant employees of Coalinga State Hospital for denial of access to the courts. On May 7, 2013, the complaint was dismissed with prejudice as frivolous. for failure to state a claim. In

dismissing, the Court cited Plaintiff for violating Rule 11(b)(3) by falsely indicating he had filed only one other lawsuit in the Court.